IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40775
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER LAKENT BURNS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:97-CR-4-2
- - - - - - - - - -

March 5, 1999

Before REAVLEY, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Christopher Lakent Burns appeals his sentence for conspiracy to possess with intent to distribute cocaine in violation of 18 U.S.C. § 846. He asserts that the district court erred in denying him a downward adjustment for acceptance of responsibility and in finding him to have been a manager or supervisor of the conspiracy. He also contends that the evidence upon which the district court relied in determining the quantity of drugs attributable to him was not reliable.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not err in denying Burns an adjustment for acceptance of responsibility. The information contained in the Presentence Report (PSR) was supported by sufficient indicia of reliability, and Burns failed to provide any evidence to rebut the PSR's findings. See United States v. Lowder, 148 F.3d 548, 552 (5th Cir. 1998); United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994).

Burns's claim that the court erred in finding him to have been a manager or supervisor of the conspiracy is similarly unavailing. The evidence demonstrated that, on several occasions, Burns directed other members of the conspiracy to deliver drugs to buyers. There was thus sufficient evidence to conclude that Burns occupied a supervisory or managerial role in the conspiracy. See United States v. Powell, 124 F.3d 655, 667 (5th Cir. 1997), cert. denied, 118 S. Ct. 1082 (1998).

The evidence supporting the district court's drug-quantity determination was supported by sufficient indicia of reliability. The district court determined that the statements of Burns's coconspirator, Rodney Thomas, were credible. In the absence of any evidence rebutting this finding, it is not clearly erroneous. See United States v. Thomas, 12 F.3d 1350, 1372 (5th Cir. 1994); United States v. Alford, 142 F.3d 825, 832 (5th Cir. 1998); United States v. Kelley, 140 F.3d 596, 609 (5th Cir.), cert. denied, 119 S. Ct. 186 (1998). Accordingly, Burns's sentence is AFFIRMED.